# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-5057**

**September Term, 2024**

**1:22-cv-03501-CRC**

**Filed On:** February 14, 2025

Christopher L. Buie,

       Appellant

    v.

United States of America,

       Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett, Wilkins, and Rao, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's February 9, 2024 order dismissing appellant's complaint, and the court's February 12, 2024 order denying as moot appellant's motion for judicial notice, be affirmed. The district court correctly concluded that, insofar as appellant claims negligence related to the hiring, retention, and supervision of particular officers or employees who are alleged to have engaged in unethical conduct, his claims fall within the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). See United States v. Gaubert, 499 U.S. 315, 323 (1991); Burkhart v. WMATA, 112 F.3d 1207, 1217 (D.C. Cir. 1997). And the district court correctly concluded that, insofar as appellant claims violations of the Appointments Clause of the U.S. Constitution, his claims are not subject to the FTCA's waiver of sovereign immunity because there is no analogous tort claim recognized under the law of the District of Columbia. See Hornbeck Offshore Transp., LLC v. United States, 569 F.3d 506, 508 (D.C. Cir. 2009). Appellant's remaining arguments, which concern res judicata, the statute of limitations, and the scope of the factual

record, are not relevant to the district court's disposition of this case.  Finally, the district court correctly denied as moot appellant's motion for judicial notice.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**